# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Dyrell Muhammad, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:17-cv-2639-PMD-MGB |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Gio Ramirez, Warden FCI Williamsburg; ) | |
| Nanada Middleton, Supervisory Chaplain ) | |
| at FCI Willimabsburg; individually and in ) | |
| their official capacities; ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the objections of Defendants Gio Ramirez and Nanada Middleton to United States Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R & R") (ECF Nos. 35 & 33). For the reasons stated herein, the Court overrules Defendants' objections, adopts the R & R, and denies Defendants' motion to dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a member of the Nation of Islam and was the designated representative of Nation of Islam ("NOI") members at FCI Williamsburg when he was housed there. Plaintiff, proceeding *pro se*, alleges that his constitutional rights and statutory rights were violated when Defendants refused to provide him with prayer oils to be used by himself and other members of the Nation of Islam. Plaintiff alleges that he requested the prayer oil from Defendant Middleton, a chaplain, on June 6, 2017, and she refused, stating that NOI members are not Muslims. Plaintiff and Middleton attempted to mediate the matter but were unsuccessful. Plaintiff then sent a letter to the United States Department of Justice about his request, and sent copies of the letter to Defendant Ramirez and elected officials. He did not receive a response. On June 26, Plaintiff alleges that he spoke to

Mr. McCrae, the executive assistant to Ramirez.[1] McCrae told Plaintiff to put his complaint in writing. Plaintiff asked if he should file a "Request for Administrative Remedy," but McCrae told him not to because "we want to keep this a local matter." (Compl., ECF No. 1, at 5.) Plaintiff alleges that McCrae stated the matter could not be resolved through the Administrative Remedy Program. Plaintiff followed McCrae's instructions, wrote out his complaint, and gave it to McCrae. The next day, after Plaintiff finished an NOI service, Middleton allegedly confronted him about speaking to Ramirez about her, then ordered him to leave the chapel. The following day, he was placed in the special housing unit. He was released from the unit two weeks later with no explanation. Plaintiff believes he was placed in the special housing unit at the direction of Middleton. Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

On February 26, 2018, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing Plaintiff's claims were barred by sovereign immunity and his failure to exhaust remedies. Plaintiff responded on March 29, and Defendants did not reply. On June 25, the Magistrate Judge issued her R & R recommending that Defendants' motion be denied. Defendants objected on July 9. Plaintiff replied on July 27. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo

---

1. Plaintiff was told by Ramirez that McCrae represented Ramirez in all points in this inquiry and McCrae was Plaintiff's point of contact.

review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

Defendants challenge Plaintiff's claim pursuant to Rule 12(b)(1), arguing that it fails to allege facts on which subject matter can be based. "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The plaintiff is 'afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration,' wherein 'the facts alleged in the complaint are taken as true . . . .'" *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir.), *cert. denied sub nom. Beck v. Shulkin*, 137 S. Ct. 2307 (2017). "The [defendant] should prevail only if the material jurisdictional facts are not in dispute and the [defendant] is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac*, 945 F.2d at 768.

Defendants do not raise any objections regarding the Magistrate Judge's findings on their sovereign immunity argument. The Court reviewed that portion of the R & R for clear error and

3

found none.  However, Defendants make two objections to the Magistrate Judge's conclusion that Plaintiff's claim is not barred due to his failure to exhaust remedies.

First, Defendants argue that two cases cited by the Magistrate Judge—*Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017), and *Custis v. Davis*, 851 F.3d 358, 361–62 (4th Cir. 2017)—only apply when a district court *sua sponte* dismisses a plaintiff's claim for failure to exhaust administrative remedies.  They argue that the Magistrate Judge's reliance on these cases is misplaced because they plead the affirmative defense of failure to exhaust remedies.  While the Court acknowledges the procedural difference between *Wilcox* and *Custis* and the present case, the Court finds no indication that the Magistrate Judge improperly relied on them.  As the Magistrate Judge indicated, these cases stand for the proposition that a plaintiff's Prison Litigation Reform Act "complaint may be dismissed for non-exhaustion 'in the rare case where failure to exhaust is apparent from the face of the complaint.'"  *Wilcox*, 877 F.3d at 167 (citing *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005)).  To the extent that the Magistrate Judge suggested that a facial failure to exhaust is the *only* grounds for dismissal, rather than a sufficient grounds for dismissal, that error is harmless.  That suggestion arises in the Magistrate Judge's response to Defendant's reliance on *Gorbey v. United States*, No. 0:16-cv-3112-JFA-PJG, 2017 WL 3638223, at *1 (D.S.C. July 6, 2017), *report and recommendation adopted*, No. 0:16-cv-3112-JFA-PJG, 2017 WL 3620140 (D.S.C. Aug. 22, 2017).  The Court agrees with the Magistrate Judge that *Gorbey* does not establish that Defendants are entitled to dismissal because that Report and Recommendation arose from cross motions for summary judgment.  *Id.*  Further, the plaintiff in *Gorbey* did not allege he was told not to file a grievance form or that the matter could not be resolved through a particular grievance proceeding, as Plaintiff here alleges.

Second, Defendants object to the Magistrate Judge's conclusion that Plaintiff's complaint establishes that an administrative remedy was unavailable to him under *Ross v. Blake*, which provides an exception to the exhaustion requirement when "administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." 136 S. Ct. 1850, 1854 (2016). The Magistrate Judge found that Defendants' conduct fell squarely within this exception because Plaintiff alleges that he was instructed not to file a "Request for Administrative Remedy" and that the matter could not be resolved through the Administrative Remedy Program. Defendants argue that Plaintiff must provide more evidence than these assertions, but the Court agrees with the Magistrate Judge that, at the motion to dismiss stage, the Court must take the allegations of the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' objections are **OVERRULED**, the R & R is **ADOPTED**, and Defendants' motion to dismiss is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 10, 2018**
**Charleston, South Carolina**